[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2005
THOMAS K. KAHN
CLERK

No. 04-16358
Non-Argument Calendar

_____

D.C. Docket No. 02-00259-CR-T-26MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER EUGENE BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 28, 2005)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

The district court sentenced Sylvester Eugene Bennett to prison for 169
months on a plea of guilty to the offense of bank robbery, in violation of 18 U.S.C.
§ 2113(a). Bennett now appeals, contending (1) that the district court infringed

the Sixth Amendment under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by enhancing his sentence based on a fact, that he caused bodily injury during the commission of the robbery,[1] which the indictment did not allege and he did not admit during his Fed. R. Crim. P. 11 guilty-plea colloquy; (2) that the court sentenced him "pursuant to [a] mandatory, unconstitutional sentencing scheme"; (3) that "[i]f the guidelines had not been mandatory, the district court might have taken into consideration a multitude of factors about [his] personal life (including his drug addiction and disadvantaged background)," which might have resulted in a shorter sentence; and (4) that we should vacate his sentence and remand the case for resentencing since it is unclear from the record "whether the court believed that the guideline range was harsher than necessary to satisfy the purposes of sentencing."[2]

Citing the rationale and holdings of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which Booker subsequently made applicable to the federal Sentencing Guidelines, Bennett objected at sentencing to

---

[1] See U.S.S.G. § 2B3.1(b)(3)(A).

[2] We discern these grounds from the Argument section of Bennett's brief. The brief's Statement of the Issue casts the issue on appeal as follows:
> Whether the sentence imposed in Mr. Bennett's case must be vacated based on the United States Supreme Court's decision in *United States v. Booker,* 125 S. Ct. 738 (2005).

the district court's use of the Sentencing Guidelines in fashioning his sentence. We therefore afford his Blakely-now- Booker claim preserved-error review and will remand his case for resentencing unless (1) no error was committed, or (2) the error was harmless. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

A potential reversible constitutional error occurred in this case when the court enhanced Bennett's base offense level on the basis of a fact he did not admit—that he caused bodily injury during the robbery. The error was not harmful in any way, however, because the court treated Bennett as a career offender, as defined in U.S.S.G. § 4B1.1. Absent career-offender status, Bennett's total offense level was 23; treated as a career offender, though, which Bennett admits he is, his enhanced offense level was 29. The career offender status, and level, trumped Bennett's total offense level, thus rendering irrelevant, and harmless, the court's offense level enhancement for causing bodily injury. The question thus becomes whether the court committed Booker statutory error and, if so, whether the error was harmless.

"A non-constitutional [Booker] error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even

though there was error." <u>United States v. Mathenia</u>, No. 04-15250, slip op. 2326, 2328 (11th Cir. May 23, 2005) (mandate withheld) (internal quotations and citation omitted). "The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." <u>Id.</u>

The Government has not shown (on the record before the district court) that under the <u>Mathenia</u> test, the district court's statutory <u>Booker</u> error—treating the Guidelines as mandatory rather than advisory—"did not affect the sentence, or had but very slight effect." In other words, the Government has not carried its burden of proof to demonstrate harmless error. As a consequence, we must vacate Bennett's sentence and remand the case for resentencing.[3]

**VACATED and REMANDED.**

---

[3] On remand, the district court should ensure that its judgment only reflects 18 U.S.C. § 2113(a) as the offense of conviction, rather than § 2113(a) and (d).