[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15728
Non-Argument Calendar

_____

D. C. Docket No. 02-00259-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER EUGENE BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 22, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

This case is before us for the third time. In United States v. Bennett, No. 02-16868 (decided July 28, 2003) (unpublished), we affirmed appellant's prison sentence of 216 months for committing bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). In our opinion, we noted that "[a]ppellant is a career offender." Appellant thereafter moved the district court pursuant 28 U.S.C. § 2255 to vacate his sentence on the ground that he should not have been convicted of violating 18 U.S.C. § 2113(d) because, in pleading guilty, he did not admit the elements of § 2113(d), specifically, that the offense involved "a dangerous weapon or device." The Government confessed error, stating that appellant's conviction should have been under 18 U.S.C. § 2113(a) only, so the court vacated appellant's sentence. At the subsequent resentencing hearing, the court, adhered to its previous determination that appellant was a career offender and this time sentenced him to prison for a term of 169 months.

Appellant appealed this sentence, contending that the court imposed it in violation of United States v. Booker, 543 U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). After concluding that the district court had properly determined appellant's sentence range under the Guidelines – in particular, by classifying appellant as a career offender – we found Booker statutory error because the court had treated the Guidelines as mandatory, rather than advisory. Since the

2

Government was unable to demonstrate that the error was harmless, we vacated appellant's sentence and remanded the case for resentencing.  United States v. Hightower, No. 04-16358 (decided July 28, 2005) (unpublished).

On resentencing, appellant objected to his career offender classification on the ground that the indictment failed to allege that he was a career offender as, he contended, Booker requires.  The court overruled his objection, and at the conclusion of the hearing, sentenced him to prison for a term of 151 months, at the low end of the Guidelines sentence range.  He now appeals that sentence, reiterating the objection he presented to the district court – that, under Booker, his prior convictions should have been alleged in the indictment.[1]

The law-of-the-case doctrine forecloses appellant's Booker objection.  In his prior appeal, No. 04-16358, appellant argued that the district court erred in classifying him as a career offender.  We rejected his argument, and the district court, obeying our mandate, properly resentenced him as such.

AFFIRMED.

---

[1] Appellant admitted at sentencing that the challenged prior convictions were valid.  His objection was, by his own admission, an attempt collaterally to attack the convictions.